UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRANDY MADDEN, individually and as natural mother and next friend of C.T., a minor child | ) ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) | JURY DEMAND |
| HAMILTON COUNTY DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

### I.  PARTIES.

1.      The Plaintiff, Brandy Madden, ("Madden"), is an adult citizen and resident of Hamilton County, Tennessee. She brings this suit on her own behalf and on behalf of her minor daughter, C.T. ("C.T."), who is under eighteen years of age and is likewise a citizen and resident of Hamilton County, Tennessee.

2.      The Defendant, Hamilton County Department of Education ("HCDE"), is a governmental entity performing statutory public education duties in Hamilton County, Tennessee.

### II.  VENUE.

3.      The wrongful acts and omissions complained of herein occurred within the geographic confines of the Eastern District of Tennessee.

## III. JURISDICTION.

4.      This Court has jurisdiction over the instant controversy not only by virtue of 42 U.S.C. § 1983 but also by virtue of Defendant's violation of those rights guaranteed to minor Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution, specifically and respectively the rights to be free from unreasonable searches and the right to substantive due process. Furthermore, HCDE is liable under 42 U.S.C. § 1983 for its failure to have in place any policy, written or unwritten, concerning appropriate, lawful conduct for dealing with readily foreseeable circumstances such as those articulated in this Complaint and by failing to provide any training whatsoever to HCDE employees, such as the school nurse, in dealing with such circumstances. In that this litigation is predicated on one or more federal questions, this Court's jurisdiction is predicated on 28 U.S.C. § 1343.

## IV. ALLEGATIONS.

5.      On or about August 16, 2012, minor Plaintiff C.T. was a student enrolled at Apison Elementary School which is part of the Hamilton County School System.

6.      Minor Plaintiff C.T. was five (5) years old at the time she attended Apison Elementary School.

7.      On or about August 16, 2012, Brandy Madden, C.T.'s mother, gave written notice to the school that minor Plaintiff had congenital herpes simplex and indicated how to treat it.

8.      At no time did the school contact the adult Plaintiff (mother) about any issues relating to her daughter's disease until on or about November 12, 2012.

9.      The minor Plaintiff is a little girl of 6 years of age.

10.     At no time did the minor Plaintiff indicate that she was experiencing a medical emergency.

11.     Nevertheless, the school called the adult Plaintiff, Madden, and said it was urgent that she leave work and come and pick up her child from school as soon as possible because the minor Plaintiff C.T. was "contagious".

12.     The school asked that a statement be provided to the school from a doctor indicating that the minor Plaintiff C.T. was not contagious and could return to school.

13.     The next day, November 13, 2012, a letter was given to the school from Dr. Huff, the Chief of Pediatric Infectious Disease indicating that minor Plaintiff C.T's lesions, as long as they are covered, were not contagious. This letter was immediately given to the school. Exhibit A.

14.     On November 13, 2012, the adult Plaintiff Madden called the principal and told him that she had sent a doctor's statement indicating that minor Plaintiff C.T. was not contagious and she asked to have her daughter, minor Plaintiff, return to school.

15.     The principal indicated that the mother would have to speak to Sheryl Rogers, a nurse with the HCDE School Health Program Office, because minor Plaintiff C.T. cannot return to school with a lesion contrary to Dr. Huff's letter.

16.     Sheryl Rogers stated that minor Plaintiff C.T. could not return to school despite the fact that the adult Plaintiff had a doctor's statement and despite the fact that the lesion was covered by a bandage, sock and shoe.

17.     The adult Plaintiff then spoke with the school nurse, Sonya Neal, and asked her how the school became aware that minor Plaintiff C.T. had a lesion.

18.     The school nurse said that acting under the direction of Sheryl Rogers that she had been removing all of the minor Plaintiff's clothes on a daily basis for several weeks, looking at all areas of the minor Plaintiff's body, including her genitals.

19.     The adult Plaintiff was shocked, upset and hurt to learn these facts. Neither Sonya Neal, Sheryl Rogers, nor anyone with HCDE or Apison Elementary obtained adult Plaintiff's consent to remove all of the minor Plaintiff's clothes and inspect the minor Plaintiff's body.

20.     The adult Plaintiff immediately asked that the school cease and desist any type of strip searching.

21.     Neither Sonya Neal nor any other person associated with Apison Elementary School obtained adult Plaintiff's consent to perform the acts described, nor did any such person seek, or obtain, the consent of minor Plaintiff's father, even though Apison Elementary School had available telephone contact numbers.

22.     Neither Sonya Neal nor any other person affiliated with Apison Elementary School, had any reasonable suspicion or probable cause to believe that minor Plaintiff had a medical emergency, needed medical care, had been sexually abused, or injured; just the contrary. No crime or wrongdoing was suspected. Nor was there any emergent medical needs present.

23.     At no time did the school ask permission to strip search the minor Plaintiff.

24.     At no time was it necessary for the school to strip search the minor Plaintiff as the adult Plaintiff (mother) had been taking care of the child for five years and knew how to treat any outbreaks without spreading the disease.

25.     As a direct and proximate result of the illegal activities of Defendant, the Plaintiff had to take off work for several days and ultimately lost her job.

26.     The Defendant school knew the minor Plaintiff had a congenital disease yet they treated her differently from the other students subjecting her to unwarranted and unnecessary strip searches without any reason whatsoever.

27.     National and state nursing guidelines restrict medical examinations of students and prohibit a genital examination of a student absent parental consent or a medical emergency.

28.     The school failed to follow their own guidelines, failed to provide the school nurse with adequate training and negligently searched the minor Plaintiff and negligently kept the minor Plaintiff from attending school.

29.     The search of minor Plaintiff's body herein described was a *per se* violation of minor Plaintiff's Fourth Amendment right to be free of unreasonable searches and an invasion of her privacy, as aforesaid.

30.     The Defendant violated a school child's right to personal security and to bodily integrity embraces the right to be free from sexual abuse at the hands of a public school employee. The substantive component of the Due Process clause of the Constitution protects students against governmental power as exercised by a school. Poe v. Leonard, 282 F.3d 123 (2d Cir. 2002).

31.     The Defendant violated a constitutionally protected liberty interest under the Fourteenth Amendment in refusing unwanted medical treatment.

32.     The Defendant, by and through its agents and employees, Sonya Neal, the principal, Sheryl Rogers, and all other persons in positions of authority at Apison Elementary, knew or in the exercise of reasonable prudence and diligence should have known what was tantamount to a "strip search" of minor Plaintiff, under the circumstances described was clearly unconstitutional under clearly established law. To the extent 42 U.S.C. § 1983 is deemed a jurisdictional predicate, Defendant's wrongful acts and omissions were acts and omissions under color of law in the course and scope of their employment with HCDE.

33.     At all times pertinent, HCDE had in place no policy whatsoever, written or otherwise, for persons such as Neal to follow or refer to when faced with circumstances such as those presented in this case. HCDE's "policy" was worse than merely "inadequate."  If was in fact non-existent. Consequently, HCDE systematically provided no training or guidance at all for school nurses faced with a situation in which a decision as to whether or not to perform an invasive and intrusive physical examination on a student had to be made, even though HCDE knew that the right of all students to enjoy the Constitutional protection from unreasonable searches was well-established.

34.     The Defendant HCDE's failure to both have in place such a policy and its concomitant systematic failure to provide training and guidance as aforesaid was entirely deliberate. Metro had actual knowledge that such circumstances presenting themselves in a school setting was and is a certainty. Many other students have congenital herpes who attend HCDE schools. Even in view of that knowledge, HCDE never implemented any policy at all, nor did it provide any training or guidance for school nurses such as Sonya Neal. HCDE's failure to provide such training or guidance evidences the Defendant HCDE's deliberate indifference to the rights of students with whom school nurses come in contact. This intentional failure to train or even provide guidance in the face of easily anticipated incidents and consequences is conduct which shocks the conscience of any reasonable, informed, and objective observer. This systematic failure to train and provide guidance made Constitutional violation as such as the one that occurred in this case almost inevitable, or substantially certain to result. Students routinely fall ill, routinely sustain physical injuries in a school setting, and routinely report symptoms to school authorities and as a result of HCDE's deliberately indifferent failure to provide guidance and training for school nurses, a violation of the Constitutional rights of students coming in

contact with school nurses was virtually guaranteed. School nurses as a group were not and are not learned in the law. HCDE's systematic policy of not having in place any training or guidance as aforesaid subjects it to liability under 42 U.S.C. § 1983.

35.     The Defendant HCDE's failure to have in place a policy and its failure to train, as aforesaid, and Neal's concomitant wrongful acts and omissions as fully articulate in this Complaint, singly and in combination, caused minor Plaintiff's Fourteenth Amendment right to substantive Due Process to be violated. Minor Plaintiff had an unequivocal substantive Due Process right to the privacy of her naked body, which right is even more clearly ingrained in the case of the lower body of a female child of tender years under the circumstances presented here.

36.     As a direct and proximate result of the Constitutional violations described herein, minor Plaintiff has endured and will continue to endure grievous mental suffering, including but not limited to post-traumatic stress disorder, and minor Plaintiff has been humiliated by an authority figure in whom she previously reposed confidence.

WHEREFORE, Plaintiff prays for the following relief:

Compensatory damages which will compensate both the adult Plaintiff and the minor Plaintiff for great emotional distress and suffering, humiliation and embarrassment, and for all medical expenses past and future.

  a. That a jury be empaneled to resolve the issues joined.

  b. That the Plaintiffs be awarded reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

  c. That the Plaintiffs be awarded the costs of preparing and trying this case.

  d. That the Plaintiffs be awarded such other and further relief as the Court deems fit and proper.

Respectfully submitted,

EPSTEIN LAW FIRM, PLLC

By: ___s/Valerie W. Epstein_____
        Valerie W. Epstein    BPR#013785
Attorneys for Plaintiffs
720 Cherry Street
Chattanooga, TN 37402
Telephone: 423-265-5100
Facsimile: 423-490-7308
vepstein@epsteinlawfirm.net